**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DILSHOD UMAROV, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03349-MBB |
| | ) | |
| JIM C. ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

For the second time in less than two months, Petitioner Dilshod Umarov petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  He again argues that due process requires the Respondents (collectively, "the Government") to provide him a bond hearing or immediately release him.  (**Doc. 1**, p. 15).  Because Petitioner's continued detention is not contrary to procedural due process, the petition is DENIED.

### Background

Petitioner, a Russian citizen, entered the United States on October 15, 2022.  (**Doc. 1-2**, p. 4).  DHS paroled him into the country pending removal proceedings.  (*Id.*).  On October 13, 2025, ICE arrested Petitioner and detained him without bond under 8 U.S.C. § 1225(b)(2)(A).  (**Doc. 1**, p. 5).  On March 4, 2026, an immigration judge ordered him removed to Russia.  (**Doc. 1-2**, p. 33).  He appealed that decision on March 16, 2026.  (*Id.* at p. 37).  He claims that after his initial appeal, he received a "military-service summons" from Russia.  (**Doc. 1**, p. 6).  He plans to raise the new evidence in his ongoing administrative appeal.  (*Id.*).

On April 21, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1-2**, p. 9).  He argued that his detention violated the Immigration and Nationality

Act (the "INA") and certain federal regulations.  (*Id.* at p. 10).  And he argued that his continued detention without bond violated his Fifth Amendment right to due process.  (*Id.*).  On May 6, 2026, The Court held that Petitioner's detention did not violate the INA, substantive due process, or procedural due process.  (*Id.* at pp. 11-16).  Relevant here, the Court held that Petitioner's detention did not violate his right to procedural due process because he was properly detained pending removal proceedings under Section 1225(b)(2)(A).  (*Id.* at p. 16).

On June 16, 2026, Petitioner filed another Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that his continued detention pending removal proceedings violates his right to procedural due process.  (*Id.* at p. 8).  He claims that "where detention has become prolonged, proceedings remain ongoing, and no process exists through which the necessity of continued confinement may be tested, the Fifth Amendment requires more than automatic detention."  (*Id.* at p. 3).  Inexplicably, he argues that the June 16, 2026 petition is not foreclosed by the Court's May 6, 2026 order because that order addressed only "whether [his] detention was governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a)."  (*Id.* at p. 7).

The June 16, 2026 petition was randomly assigned to District Judge M. Douglas Harpool.  (**Doc. 4**).  The Government moved to transfer the June 16, 2026 petition to the Court because it was "substantially similar" to the April 21, 2026 petition.  (**Doc. 6**, p. 1)*, citing* **Local Rule 83.9(c)(4)**.  Judge Harpool granted the Government's motion and transferred the June 16, 2026 petition to the Court.  (**Doc. 8**).  Petitioner moved for reconsideration of the transfer order, arguing that the June 16, 2026 petition asserts a claim not decided in the Court's May 6, 2026 order.  (**Doc. 9**, p. 2).

2

## Discussion

The Court's May 6, 2026 order resolves the June 16, 2026 petition. As the Court explained, "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024), *quoting* ***Demore v. Kim***, 538 U.S. 510, 527 (2003). Petitioner again urges the Court to evaluate his due process claim under the framework described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). But the Eighth Circuit disavowed the *Matthews* test "when evaluating the length of mandatory detention pending removal proceedings." (**Doc. 1-2**, p. 16), *citing* ***Baynee***, 115 F.4th at 933. Again, "[r]emovable aliens may be detained pending deportation 'simply by reference to the legislative scheme.'" (***Id.***), *quoting* ***Baynee***, 115 F.4th at 932. The legislative scheme here requires detention of removable aliens pending deportation proceedings. *See* **8 U.S.C. § 1225(b)(2)(A)**. Petitioner's deportation proceedings are still pending. So his procedural due process claim fails.

## Conclusion

Petitioner's continued detention does not violate his right to procedural due process. The Petition for a Writ of Habeas Corpus (**Doc. 1**) is DENIED. Petitioner's Motion for Reconsideration of Order Reassigning Case (**Doc. 9**) is DENIED because the June 16, 2026 petition is related to the April 21, 2026 petition, which the Court resolved on May 6, 2026. *See* **Local Rule 83.9(c)(4)**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026